**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 01 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | | |
|---|---|---|
| **DODY BUSH-RETHERFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PROFESSIONAL CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

1:12 cv 114 JLH

This case assigned to District Judge Holmes
and to Magistrate Judge Young

## COMPLAINT

NOW COMES the Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, PROFESSIONAL CREDIT MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, *et seq* and the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, *et seq.*

### II. JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 *et seq.*, and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5.      DODY BUSH-RETHERFORD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Violet Hill, County of Izard, State of Arkansas.

6.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to White River Hospital Systems (hereinafter, "the Debt").

7.      The Debt was for a medical bill allegedly incurred by Plaintiff.

8.      At all relevant times, Plaintiff had a checking account in her name with First Community Bank (hereinafter, "FCB Account").

9.      At all relevant times, Plaintiff's FCB Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

10.     At all relevant times, First Community Bank was a "financial institution" as that term is defined by 15 U.S.C. §1693a(8).

11.     At all relevant times, the FCB Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

12.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

14.     PROFESSIONAL CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Arkansas.

15.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

18.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

19.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20.     At all relevant times, Defendant received funds from Plaintiff's FCB Account, which were transferred to Defendant via an electronic, terminal, telephonic instruction or computer or magnetic tape after Defendant instructed First Community Bank to transfer funds to Defendant from Plaintiff's FCB Account.

21.     At all relevant times, Defendant was a payee that was the recipient of funds transferred from Plaintiff's FCB Account to Defendant.

22.     At all relevant times the electronic transfer of funds from Plaintiff's FCB Account to Defendant constitute an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

23.     At all relevant times the electronic transfer of funds from Plaintiff's FCB Account to Defendant were pre-authorized payments and constituted "preauthorized electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(15).

## IV.   ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

24.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

25.     In or around March 2012, Plaintiff and Defendant engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

26.     During the course of the telephone call between Plaintiff and Defendant, the parties discussed entering into a settlement agreement relative to the Debt.

27.     The parties further discussed the manner in which the settlement would be paid by Plaintiff to Defendant relative to the Debt.

28.     During the course of the telephone call, Plaintiff and Defendant agreed that Plaintiff could pay Defendant $50.00 a month, until the Debt was paid in full.

29.     During the course of the telephone call, Plaintiff and Defendant agreed that Plaintiff could pay Defendant $50.00 on the fifth (5th) of each month, until the Debt was paid in full.

30.     Defendant informed Plaintiff that she could make payments to Defendant using a debit account.

31.     Defendant informed Plaintiff that if Plaintiff used a debit account to make payments to Defendant then Defendant would add a collection fee for each payment that was debited from Plaintiff's account.

32.     Defendant informed Plaintiff that alternatively she could set up automatic payments with Defendant such that Defendant would electronically transfer from Plaintiff's checking account on the agreed upon dates of payment.

33.     Plaintiff asked Defendant if she would be charged a fee for each automatic payment that it would take from Plaintiff's checking account to be applied towards the Debt.

34.     Defendant informed Plaintiff that if she set up automatic payments with Defendant such that it would take funds from Plaintiff's checking account to be applied towards the Debt then Plaintiff would only be charged a fee for the first (1st) payment it would take from Plaintiff.

35.     Defendant did not clarify to Plaintiff the amount of the fee Plaintiff would be charged when Defendant took the first (1st) payment to Plaintiff.

36.     Plaintiff informed Defendant that she wanted to make automatic payments to Defendant that it could take from her checking account.

37.     Plaintiff then provided Defendant with her checking account information so that Defendant could automatically withdraw payments from Plaintiff's FCB Account in accordance with the terms of the payment arrangement entered into between the parties.

38.     During the course of the aforesaid telephone call, Plaintiff then confirmed with Defendant that Defendant would automatically take payments in the amount of $50.00 from her FCB Account on the fifth (5th) of each month, until the Debt was paid in full.

39.     During the course of the aforesaid telephone call, Plaintiff then confirmed with Defendant that she would not be charged with any fees each time Defendant would automatically take the $50.00 payments from her FCB Account.

40.     During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's FCB Account to Defendant in accordance with the payment terms agreed upon by the parties.

41.     During the course of the aforesaid telephone call, Plaintiff provided Defendant with her oral authorization for Defendant to electronically transfer funds from Plaintiff's FCB Account to Defendant on multiple dates, subsequent to the date the parties engaged in the aforesaid telephone call.

42.     At no time during the aforesaid telephone conversation did Defendant advise Plaintiff that in order for Defendant to be able to transfer funds from Plaintiff's FCB Account to Defendant that Plaintiff had to provide Defendant with written consent to carry out the aforesaid transfer as required by the Electronic Funds Transfer Act, 15 U.S.C. §1693(e)(a).

43.     To date, Plaintiff has not provided Defendant with written consent to transfer any funds from Plaintiff's FCB Account to Defendant.

44.     To date, Plaintiff has not provided Defendant with written authorization to transfer any funds from Plaintiff's FCB Account to Defendant.

45.     To date, Defendant has not obtained written consent from Plaintiff or any third-parties to transfer funds from Plaintiff's FCB Account to Defendant.

46.     To date, Plaintiff has not provided Defendant with written consent for Defendant to carry out any electronic fund transfers from Plaintiff's FCB Account to Defendant.

47.     To date, Plaintiff has not provided First Community Bank with written consent to allow Defendant to transfer funds from Plaintiff's FCB Account to Defendant.

48.     To date, Plaintiff has not provided First Community Bank with written consent for Defendant to carry out any electronic fund transfers from Plaintiff's FCB Account to Defendant.

49. To date, Plaintiff has not informed Defendant that she waived her right to provide Defendant with written consent to execute the transfer of funds from Plaintiff's FCB Account to Defendant.

50. On or about March 23, 2012, Defendant withdrew $50.35 from Plaintiff's FCB Account.

51. On or about March 23, 2012, Defendant transferred to Defendant $50.35 in funds from Plaintiff's FCB.

52. On or about March 23, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

53. On or about June 6, 2012, Defendant withdrew $50.35 from Plaintiff's FCB Account.

54. On or about June 6, 2012, Defendant transferred to Defendant $50.35 in funds from Plaintiff's FCB.

55. On or about June 6, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

56. On or about June 6, 2012, Defendant withdrew $50.35 from Plaintiff's FCB Account.

57. On or about June 28, 2012, Defendant sent Plaintiff a correspondence in a further attempt to collect the Debt. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

58. In the correspondence, dated June 28, 2012, Defendant stated that it would be depositing, on July 5, 2012, a payment from Plaintiff in the amount of $50.00.

7

59.     In the correspondence, dated June 28, 2012, Defendant further stated it would apply a fee of $0.35 upon taking the electronic transfer of funds from Plaintiff's checking account on July 5, 2012.

60.     On or about April 10, 2012, 2012, Defendant transferred to Defendant $50.35 in funds from Plaintiff's FCB.

61.     On or about April 10, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

62.     On or about April 10, 2012, Defendant withdrew $50.35 from Plaintiff's FCB Account.

63.     On or about July 9, 2012, Defendant transferred to Defendant $50.35 in funds from Plaintiff's FCB.

64.     On or about July 9, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

65.     On or about July 9, 2012, Defendant withdrew $50.35 from Plaintiff's FCB Account.

66.     On or about August 13, 2012, Defendant transferred to Defendant $50.25 in funds from Plaintiff's FCB.

67.     On or about August 13, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

68.     On or about August 13, 2012, Defendant withdrew $50.25 from Plaintiff's FCB Account.

69.     On or about September 19, 2012, Defendant transferred to Defendant $50.25 in funds from Plaintiff's FCB.

70.     On or about September 19, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiff's FCB.

71.     On or about September 19, 2012, Defendant withdrew $50.25 from Plaintiff's FCB Account.

## COUNT I: VIOLATION OF THE FDCPA

72.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

73.     On April 10, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

74.     On April 10, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Defendant collected $0.35 in funds from Plaintiff that it was not authorized to withdraw.

75.     On April 10, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

76.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on April 10, 2012, Defendant collected a fee in the amount of $0.35 when it took an automatic payment from Plaintiff's FCB Account.

77.     On May 23, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

78.     On May 23, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Defendant collected $0.35 in funds from Plaintiff that it was not authorized to withdraw.

79.     On May 23, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

80.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on May 23, 2012, Defendant collected a fee in the amount of $0.35 when it took an automatic payment from Plaintiff's FCB Account.

81.     On June 6, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

82.     On June 6, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Defendant collected $0.35 in funds from Plaintiff that it was not authorized to withdraw.

83.     On June 6, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

84.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on June 6, 2012, Defendant collected a fee in the amount of $0.35 when it took an automatic payment from Plaintiff's FCB Account.

85.     Defendant's representation to Plaintiff, in its correspondence dated June 28, 2012, that it would charge a fee of $0.35 was in conflict with Defendant's representations to Plaintiff,

10

in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant.

86.     Defendant's conduct in informing Plaintiff that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant, only for Defendant to then state the contrary to Plaintiff and to collect additional fees from Plaintiff was unfair and/or unconscionable.

87.     On July 9, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

88.     On July 9, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Defendant collected $0.35 in funds from Plaintiff that it was not authorized to withdraw.

89.     On July 9, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

90.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on July 9, 2012, Defendant collected a fee in the amount of $0.35 when it took an automatic payment from Plaintiff's FCB Account.

91.     On August 13, 2012, at the time Defendant withdrew $50.25 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

92.     On August 13, 2012, at the time Defendant withdrew $50.25 from Plaintiff's FCB Account, Defendant collected $0.25 in funds from Plaintiff that it was not authorized to withdraw.

93.     On August 13, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

94.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on August 13, 2012, Defendant collected a fee in the amount of $0.25 when it took an automatic payment from Plaintiff's FCB Account.

95.     On September 19, 2012, at the time Defendant withdrew $50.35 from Plaintiff's FCB Account, Plaintiff had only provided Defendant with authority with to withdraw $50.00 from her FCB Account.

96.     On September 19, 2012, at the time Defendant withdrew $50.25 from Plaintiff's FCB Account, Defendant collected $0.25 in funds from Plaintiff that it was not authorized to withdraw.

97.     On September 19, 2012, Defendant collected more funds from Plaintiff that it was authorized to collect.

98.     Defendant's representation to Plaintiff, in or around March 2012, that it would not charge Plaintiff an additional fee if she set up an automatic payment agreement with Defendant was false, deceptive and/or misleading given that on September 19, 2012, Defendant collected a fee in the amount of $0.25 when it took an automatic payment from Plaintiff's FCB Account.

99.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    c.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    d.   Collected funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and,

    e.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

100.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE EFTA

101.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

102.   The Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, provides in part as follows:

§1693e – Preauthorized Transfers

(a)   A preauthorized electronic fund transfer from a consumer's account may

be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made ...

103.    On or about April 10, 2012; May 23, 2012; June 6, 2012; July 9, 2012; August 13, 2012; and September 19, 2012, at the time Defendant transferred funds to Defendant, from Plaintiff's FCB Account, Defendant had not obtained written authorization from Plaintiff to make the aforesaid transactions.

104.    On or April 10, 2012; May 23, 2012; June 6, 2012; July 9, 2012; August 13, 2012; and September 19, 2012, at the time Defendant transferred funds to Defendant, from Plaintiff's FCB Account, First Community Bank had not obtained written authorization from Plaintiff to allow Defendant make the aforesaid transactions.

105.    At no time did Defendant provide Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to authorize Defendant to transfer funds from Plaintiff's FCB Account to Defendant.

106.    On or about April 10, 2012; May 23, 2012; June 6, 2012; July 9, 2012; August 13, 2012; and September 19, 2012, Defendant carried preauthorized electronic fund transfers from Plaintiff's FCB Account without having first obtained written consent from Plaintiff to carry out the aforesaid transaction.

107.    On or about April 10, 2012; May 23, 2012; June 6, 2012; July 9, 2012; August 13, 2012; and September 19, 2012, Defendant carried out preauthorized electronic fund transfers from Plaintiff's FCB Account without having first provided Plaintiff with a copy of the putative written authorization Plaintiff may have provided to Defendant to carry out the aforesaid transaction.

14

108.   Defendant has debited Plaintiff's FCB Account without obtaining a written authorization signed or similarly authenticated from Plaintiff for a preauthorized electronic fund transfer from Plaintiff's FCB Account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. §1693e(a).

109.   Defendant debited Plaintiff's FCB Account without providing Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for a preauthorized electronic fund transfer from Plaintiff's FCB Account, thereby violating Section 907(a) of the EFTA.

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

c.   Plaintiff's attorneys' fees and costs; and

d.   Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

110.   Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**DODY BUSH-RETHERFORD**

By: _____
David M. Marco
Attorney for Plaintiff

15

Dated: October 26, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:      dmarco@smithmarco.com

# EXHIBIT A

PROFESSIONAL CREDIT MANAGEMENT, INC.
P.O. BOX 4037
JONESBORO, AR 72403

06-28-12

DODY BUSH RETHERFORD          M2666069

Dear DODY,

Per our previous agreement, please be advised that we intend to debit your checking account through electronic funds transfer (EFT) on the date listed below.

Check #     Date to Deposit     Check Amt
2009        07-05-12            50.00

Effective March 1, 2009, any new or renewed payment arrangements may be subject to convenience fees.

For your convenience, PCM accepts payments in forms other than cash and check. However, you are responsible for charges incurred by PCM when you pay by electronic funds transfer (EFT), and credit or debit card, except where prohibited by state and federal law. In the event the charge is not prohibited, a fee of $0.35 is applied to EFT payments and a fee of $0.60 plus 2.3% of the payment amount is applied to credit and debit card payments. When you provide a check as payment, you authorize PCM to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. For inquiries, please call 870-932-7030.

Thank you,
Professional Credit Management, Inc.

**There** will be a $25.00 service charge on all returned checks.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

PDCR